FILED
2021 Jun-23  PM 03:45
U.S. DISTRICT COURT
N.D. OF ALABAMA



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JENNIFER REILLY, | ) | |
| Plaintiff, | ) | Civil Action No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| AVERY AUTO SALES, INC., FIRST | ) | |
| AUTOMOTIVE SERVICE | ) | |
| CORPORATION; CREDIT | ) | |
| ACCEPTANCE CORPORATION | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

**COMES NOW** defendant Credit Acceptance Corporation ("Credit Acceptance"), by and through its undersigned counsel, pursuant to the provisions of 28 U.S.C. §§ 1331, 1367, 1441 and 1446, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, any and all defenses under the federal laws of bankruptcy and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, and hereby gives notice of the removal of this action from the Circuit Court of Calhoun County, Alabama, to the United States District Court for the Northern District of Alabama, Eastern Division. In support of this notice of removal, Credit Acceptance states as follows:

## I. INTRODUCTION

1.      On May 6, 2021, Plaintiff Jennifer Reilly ("Plaintiff") commenced this action by filing a complaint against Credit Acceptance in the Circuit Court of Calhoun County, Alabama, Case Number 11-CV-2021-900174.00.

2.     Plaintiff's complaint asserts claims against Credit Acceptance relating to an alleged breach of warranty and alleged improper credit reporting on an account. *See generally* Compl.

3.     Based on these allegations, Plaintiff purports to assert claims against Credit Acceptance under the federal Fair Credit Reporting Act ("FCRA"). *See id.*

4.     This case is properly removable pursuant to 28 U.S.C. § 1441 because federal question jurisdiction is present.  Section 1441 provides, in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

## II. <u>FEDERAL QUESTION JURISDICTION</u>

5.     Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

6.     This is a civil action arising under the Constitution, laws, or treaties of the United States, because Plaintiff is asserting a claim against Credit Acceptance based upon an alleged violation of the FCRA, which is a federal consumer protection statute. *See* Compl.; *see also* 15 U.S.C. § 1681 *et seq.*

7.     Accordingly, Plaintiff's FCRA claim arises under the laws of the United States and could have been originally filed in this Court. *See Lockard v. Equifax, Inc.* 163 F.3d 1259

(11th Cir. 1998) (holding that FCRA case brought in state court may be removed to federal court).

### III. <u>SUPPLEMENTAL JURISDICTION EXISTS OVER THIS ACTION</u>

8.      This Court can exercise supplemental jurisdiction over Plaintiff's breach of warranty claim because this state law claim forms part of the same case or controversy as Plaintiff's FCRA claim.  The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides in pertinent part as follows:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . .

9.      In the instant case, Plaintiff's state law claim is related to the same activity that forms the basis for Plaintiff's FCRA claim.  Each claim relates to Credit Acceptance's alleged actions with respect to the mechanical problems with the vehicle, and the same alleged conduct that forms the basis of Plaintiff's FCRA claim is the same alleged conduct that forms the basis of the state law claim.  (*See* Compl.).  Thus, Plaintiff's state law claim in this case is "so related to claims in the action within [this Court's] original jurisdiction" that they form part of the same case or controversy and, as such, fall squarely within this Court's supplemental jurisdiction as provided under 28 U.S.C. § 1367(a).  *See also* 28 U.S.C. § 1441(c) ("Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein . . . .").

10.      Moreover, this Court should exercise supplemental jurisdiction over Plaintiff's state law claim in this action to avoid an unnecessary duplication of judicial resources.  *See St. Paul Fire & Marine Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 890 F.3d 1265, 1268

(11th Cir. 2018) (holding that, in deciding whether to exercise supplemental jurisdiction, "the district courts may exercise supplemental jurisdiction to consolidate closely related claims into a single proceeding in order to preserve judicial resources and avoid inconsistent judgments").  In the instant case, Plaintiff's state law claim arises from the same transaction or occurrence but does not raise novel or complex issues of state law or predominate over Plaintiff's FCRA claim. *See Blakely v. United States*, 276 F.3d 853, 862 (6th Cir. 2002) (citing 28 U.S.C. § 1367(c)). Therefore, this Court should exercise jurisdiction over all claims asserted in Plaintiff's Complaint.

## IV. <u>ADOPTION AND RESERVATION OF DEFENSES</u>

11.     Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of Credit Acceptance's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Ala. or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

## V. <u>PROCEDURAL REQUIREMENTS</u>

12.     This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

13.     True and correct copies of "all process, pleadings, and orders" served on Credit Acceptance to date are attached hereto as **Exhibit A** in conformity with 28 U.S.C. § 1446(a).

14.     Avery Auto Sales, Inc. consents to the removal of this case to the United States District Court for the Northern District of Alabama, Eastern Division.  **Exhibit B** is a copy of the

form showing its consent.  First Automotive Service Corporation consents to the removal of this case to the United States District Court for the Northern District of Alabama, Eastern Division. **Exhibit C** is a copy of the form showing its consent.  Thus, all properly served Defendants join in this removal.

15.     This notice of removal is filed within the time frame set forth in 28 U.S.C. § 1446, as Credit Acceptance was served with process on May 25, 2021.

16.     Credit Acceptance has heretofore sought no similar relief.

17.     The United States District Court for the Northern District of Alabama, Eastern Division, is the court and division embracing the place where this action is pending in state court.

18.     Contemporaneously with the filing of this notice of removal, Credit Acceptance has filed a copy of same with the clerk of the Circuit Court of Calhoun County, Alabama and a notice of filing notice of removal.  Written notice of the filing of this notice of removal has also been served upon the Plaintiff.

19.     Credit Acceptance reserves the right to supplement this notice of removal by adding any jurisdictional defenses which may independently support a basis for removal.

**WHEREFORE,** Credit Acceptance prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Calhoun County, Alabama, to the United States District Court for the Northern District of Alabama, Eastern Division.

Respectfully submitted this 23rd day of June, 2021.

*s/ Kristen P. Watson*
Matthew T. Mitchell (ASB-8674-W65M)
Kristen P. Watson (ASB-6938-A22P)
BURR & FORMAN LLP
420 N. 20th Street, Suite 3400
Birmingham, AL 35203

Telephone: (205) 251-3000
Facsimile: (205) 244-5676
Email: mmitchell@burr.com
Email: kwatson@burr.com

Attorneys for Defendant
CREDIT ACCEPTANCE CORPORATION

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document has been served on the following by Electronic Filing, and/or by U.S. First Class Mail, hand delivery, fax or email on this 23rd day of June, 2021:

W. Taylor Stewart
1021 Noble Street, Suite 110
Anniston, AL 36202
Telephone: 256-237-9311
Email: wst70@stewartandstewart.net

Lester Avery
Avery Auto Sales, Inc.
1126 Snow Street
Oxford, AL 36203

Thomas B. Glanton
CARR ALLISON
100 Vestavia Parkway
Birmingham, AL 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057
Email:  tglanton@carrallison.com

*s/ Kristen P. Watson*
OF COUNSEL